James D. EDDLEMAN, Appellant,

v.

Thomas DOWD, Respondent.

No. 45507.

Missouri Court of Appeals,
Eastern District, Division Three.

March 8, 1983.

---

J.B. Carter, Clayton, for appellant.

R.E. Keaney, St. Louis, for respondent.

CRIST, Judge.

Summary judgment. Lawyer malpractice suit dismissed as premature. We affirm.

Plaintiff, James D. Eddleman, brought this legal malpractice action against his former attorney, Thomas Dowd, on June 19, 1980. He alleged Dowd (a) failed to timely file the underlying lawsuit, and (b) failed to timely acquire jurisdiction over the original tort-feasors because of untimely investigation and preparation in a personal injury action styled *James D. Eddleman v. FNR Centennial Corp., et al.,* City of St. Louis Cause No. 69137–F (hereinafter referred to as the "underlying lawsuit").

The underlying lawsuit was a personal injury action, allegedly arising from a sudden movement on an elevator on July 21, 1972. Plaintiff first contacted Dowd on September 15, 1973, in connection with his alleged injuries. The underlying lawsuit was filed on June 30, 1977. Service of process was made on the defendants foreign corporations on July 28, 1978 through the Missouri Secretary of State. The insurance carrier for the foreign corporations was notified of service on or about August 30, 1978. On September 14, 1978, attorneys entered their appearance for one of the foreign corporations and requested additional time to plead. These attorneys answered the petition for said foreign corporation on October 12, 1978. The same attorneys subsequently filed an answer to the petition for the other foreign corporation on January 23, 1979. By letter of May 31, 1979, plaintiff discharged Dowd as his attorney, effective immediately, and instructed him to turn his file over to J.B. Carter, David Swimmer or any of their authorized representatives. On August 28, 1979, David Swimmer entered his appearance as counsel for plaintiff.

On October 18, 1979, the attorneys for both foreign corporations moved to withdraw their entries of appearance and to set aside the answers they filed for the foreign corporations on grounds they lacked authority from the foreign corporations to have so acted. An affidavit from the claims representative of the foreign corporations' insurance carrier was filed in support of this motion the same day. On December 18, 1979, the trial court ordered the answers of the foreign corporations set aside and ordered the entries of appearance by attorneys for the foreign corporations be set aside. The underlying lawsuit was pending in the Circuit Court for the City of St. Louis at the time of the entry of the summary judgment.

Plaintiff contends summary judgment was inappropriate because he can demonstrate a genuine issue of fact as to Dowd's alleged professional negligence in the underlying lawsuit. However, for plaintiff to prevail in this legal malpractice action, he must establish not only defendant's alleged professional negligence but also that Dowd's professional negligence proximately caused damage to him. *Lange v. Marshall,* 622 S.W.2d 237, 238 (Mo.App.1981). Plaintiff can prove no such damages presently.

The underlying lawsuit is a personal injury action, allegedly arising from a sudden movement of an elevator on July 21, 1972. This underlying lawsuit remains pending. So long as this underlying lawsuit remains pending, plaintiff cannot show Dowd's professional negligence proximately caused damage. He may yet recover in the underlying lawsuit and may never suffer any

damages. *Lange v. Marshall,* 622 S.W.2d, *supra* at 238 and *Birnholz v. Blake,* 399 So.2d 375, 377–78 (Fla.App.1981).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.