576 So.2d 313 (1990)
CONTINENTAL INSURANCE COMPANY, and Underwriters Adjusting Company, Appellants,
v.
Joseph HERMAN, As Guardian of the Person and Property of Ina Herman, an Incompetent, and Joseph Herman, Individually, and Marrero and Martinez Corporation, D/B/a Rastro-74, Appellees.
Nos. 89-45, 89-341.
District Court of Appeal of Florida, Third District.
December 18, 1990.
On Motion for Rehearing March 26, 1991.
Corlett, Killian, Ober, Hardeman, McIntosh & Levi and Love Phipps, Miami, for appellants.
Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson and G. William Bissett, Miami, *314 for appellee Marrero and Martinez Corp. d/b/a Rastro-74.
Stewart Tilghman Fox & Bianchi and Larry S. Stewart, Miller, Selig & Kelley, Hicks, Anderson and Blum, Miami, for appellee Joseph Herman.
Before NESBITT, FERGUSON and GODERICH, JJ.
FERGUSON, Judge.
Continental Insurance Company and Underwriters Adjusting Company (Continental) appeal an adverse judgment entered on a jury verdict awarding damages for negligent destruction of evidence relevant to a prospective civil litigation. A primary contention on appeal is that the Hermans could not state a cause of action in tort for negligent destruction of evidence because the Herman's underlying personal injury action was resolved in an arbitration proceeding which resulted in an $860,000 award in favor of the Hermans. We agree that because the Hermans successfully proved their underlying personal injury action, they are not entitled to sue in tort for negligent spoliation of evidence.
Ina Herman was severely injured when her automobile was broadsided at an intersection by an uninsured southbound vehicle after she made a left turn from the northerly direction she had been travelling. She made a claim against her own insurer, Continental, under the uninsured motorist coverage provision of the policy. Continental asserted Mrs. Herman's negligence as a defense to the uninsured motorist claim. Herman demanded an arbitration hearing as provided for by the insurance contract.
Prior to the arbitration hearing, Herman's attorney contacted Continental to learn the whereabouts of the Herman automobile which he wanted examined by an accident reconstructionist. The attorney was informed that the vehicle had been towed to Rastro-74, a salvage business, where it had been partially disassembled. Continental agreed with Herman's attorney that the damaged automobile would be preserved in the custody of Rastro-74. By mistake, what was left of the Herman automobile was crushed and shredded.
Notwithstanding the destruction of the automobile, the parties proceeded to arbitration before a three-person panel. During the two-day hearing, experts for both sides presented accident reconstruction testimony. Photographs of the exteriors of the both vehicles, taken on or shortly after the date of the accident, were introduced as part of the accident reconstruction evidence. Although Herman's experts testified that their findings would have been more refined and reliable if the actual automobile had been available for examination, they nevertheless gave convincing opinions as to the speed of the vehicles, the angle of impact, and the cause of the accident.
Herman put on evidence as to Continental's negligence in destroying the automobile, contending that if the arbitrators found Continental guilty of negligent destruction they should presume that an examination of the vehicle would have disclosed a mechanical defect  a finding which would have been materially favorable to Herman on Continental's comparative negligence defense. Continental contended that the evidence of the destruction of the car was irrelevant to the personal injury claim. The arbitration panel reserved ruling on whether a presumption would apply.
The arbitrators found the uninsured motorist 20% negligent, Herman 80% comparatively negligent, and assessed damages at $4.3 million, giving the Hermans a net award of $860,000. The award does not indicate whether the arbitrators found Continental negligent in the destruction of material evidence. Continental filed a circuit court motion to vacate the award. Herman moved for confirmation of the arbitration award. The parties reached a court-approved $860,000 settlement wherein Continental was released "from the aforesaid arbitration award."
Herman then brought this action for negligent destruction of evidence contending that the arbitration of the personal injury claim was not a bar. Continental's motion to dismiss, alleging that Herman's action *315 was precluded by the $860,000 personal injury award, was denied. The case proceeded to trial where the jury was given two presumptions to apply if it found Continental negligent in the destruction of Herman's wrecked automobile.[1] The jury found by its verdict that Continental was negligent in failing to preserve the Herman vehicle which was a legal cause of loss to the Hermans, and found Herman 65% percent negligent in causing the collision  15% less negligent than the arbitrators found. A final judgment was entered awarding the Hermans $645,000 above the $860,000 arbitration award, plus prejudgment interest and costs.
One of Continental's contentions in this appeal, and the only one we address, is that Herman had no cause of action for destruction of evidence because she was not, as a result of the destruction, deprived of an opportunity to fully and successfully present a personal injury claim. Herman responds that she need show only that she was "hindered" in presenting her uninsured motorist claim as the essential element to the second tort action.
Destruction of evidence, as an independent cause of action, has been recognized in recent cases of this court. Bondu v. Gurvich, 473 So.2d 1307 (Fla. 3d DCA 1984) (recognizing negligence cause of action for failure to maintain medical records, preservation of which was required by statute), rev. denied, 484 So.2d 7 (Fla. 1986); Miller v. Allstate, 573 So.2d 24 (Fla. 3d DCA 1990) (recognizing breach of contract action for destruction of evidence needed in products liability case). In Miller we tracked the origin and development of the cause of action under some of its various nomenclatures, e.g., loss of the value of a chance, loss of an opportunity to litigate, spoliation of evidence, or interference with a prospective civil action. Although we did not identify each element of the cause of action, it was clear that the plaintiff had to demonstrate that she was unable to prove her underlying action owing to the unavailability of the evidence. Bondu v. Gurvich, cited in Miller, held more specifically that allegations in Mrs. Bondu's complaint, that she "lost a medical negligence lawsuit" because the hospital failed to furnish her husband's hospital records, stated a cause of action for destruction of evidence.
We hold now that the elements of a cause of action for negligent destruction of evidence are: (1) existence of a potential civil action, (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, (3) destruction of that evidence, (4) significant impairment in the ability to prove the lawsuit, (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and (6) damages. See Comment, Interference with Prospective Civil Litigation By Spoliation of Evidence: Should Texas Adopt A New Tort?, 21 St. Mary's L.J. 209, ___ (1989) (proposing elements of tort for intentional destruction of evidence); Comment, Spoliation: Civil Liability for Destruction of Evidence, 20 U.Rich.L.Rev. 191, 200 (1986) (same).
Mrs. Herman had no cause of action for destruction of evidence in this case because she suffered no significant impairment in an ability to prove the underlying lawsuit. After convincing arbitrators, on the strength of other evidence, that the uninsured motorist was 20% at fault, she moved to confirm the net $860,000 award. That a jury in the subsequent action, armed with strong evidentiary presumptions in favor of Mrs. Herman, found the uninsured motorist 35% at fault, does not establish that the destruction of the wrecked and partially disassembled automobile significantly impaired her ability to prove the uninsured motorist claim. Compare Miller, 573 So.2d 24 (Fla. 3d DCA 1990) (expert *316 testified that without the automobile he would be unable to render an opinion in products liability action against manufacturer); Bondu 473 So.2d 1307 (plaintiff lost medical malpractice action when she could not provide expert witnesses because hospital failed to maintain records necessary to prove her claim); see generally Comment, Smith v. Superior Court: A New Tort of Intentional Spoliation of Evidence, 69 Minn.L.Rev. 961, 981-983 (1985) (plaintiff has burden to show inability to prove case without the destroyed evidence).
Reversed.

ON MOTION FOR REHEARING
PER CURIAM.
One of the appellee's arguments, by motion for rehearing, is that whether an impairment is "significant" presents an issue for the fact-finder and, therefore, in reversing the judgment, this court has improperly reweighed the evidence.
As used in our opinion the word "significant" has an ordinary meaning, i.e., "having or likely to have influence or effect." Webster's Third New International Dictionary 2116 (1986). We agree that whether an impairment is significant ordinarily presents a question of fact. See, e.g., Beneby v. Midland Nat'l Life Ins. Co., 402 So.2d 1193 (Fla. 3d DCA 1981) (whether a misrepresentation is material is normally a question of fact to be resolved by the trier of fact). In this spoliation of evidence cause of action, the separation of court and fact-finder duties is the same as in other tort cases. Whether a defendant's conduct was a substantial factor in producing an injurious result may be decided by the court as a matter of law where reasonable persons could not differ. Banat v. Armando, 430 So.2d 503 (Fla. 3d DCA 1983), (citing Prosser, Law of Torts, § 45 at 289-90 (4th ed. 1971)), rev. denied, 446 So.2d 99 (Fla. 1984).
Based on the evidence and outcome in the underlying action, reasonable persons could not differ that there was no significant impairment in ability to prove the lawsuit.
Rehearing is denied.
NOTES
[1] The two presumptions the jury was instructed to apply, were: (1) that Ina Herman's brakes failed prior to the accident, and (2) that the Herman vehicle would have cleared the intersection had it not been for [the uninsured car's] excessive speed. The correctness of these instructions is not raised as an issue in this appeal. We note, however, that courts in other jurisdictions have held that if a strong spoliation presumption, given in the underlying action, provides a complete remedy to the plaintiff, the spoliation tort is preempted. E.g., Miller v. Montgomery County, 64 Md. App. 202, 494 A.2d 761 (Md. App. 1985).