Lawrence Russell BAUGHER,
Plaintiff/Appellant,

v.

The GATES RUBBER COMPANY, INC.,
Defendant/Cross–Claimant/Appellant,

and

The Hartford Insurance Company,
Defendant/Respondent.

Nos. 61440, 61441.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 12, 1993.

or intentionally lost or destroyed a part from a Gates-manufactured crimping machine which had allegedly caused plaintiff's injuries. The trial court found that the spoliation claim failed to state a cause of action which has been or will be recognized in this state.

We affirm the judgment of the trial court. We find the pleadings fail to allege a claim under the theories of intentional spoliation or common law negligence and therefore present no basis for determining whether a cause of action for intentional or negligent spoliation should be recognized in this state.

In May, 1986 plaintiff, Lawrence Russell Baugher, was injured during a work-related accident while an employee of SDC, Inc. As a result, Hartford, SDC's insurer, paid workers' compensation benefits to Baugher and became subrogated to the extent of its payments to any further recovery Baugher obtained from the accident. On January 21, 1988, Baugher filed a petition against Gates seeking damages for personal injuries. Baugher alleged that the accident was caused by a hydraulic hose improperly crimped to a coupling by a defective power crimp manufactured by Gates.

On December 18, 1990 Baugher amended his petition by adding Hartford as a defendant and asserted a claim for damages against Hartford, alleging negligent spoliation of evidence. On March 29, 1991 Gates filed a cross-claim against Hartford for damages, alleging intentional and negligent spoliation of evidence. Hartford moved to dismiss both Baugher's claim and Gates' cross-claim. On October 18, 1991, the trial court issued an order dismissing with prejudice all spoliation claims against Hartford. It subsequently made this order final for purposes of appeal. Baugher and Gates each filed a notice of appeal from this order. However, only Gates' attorneys filed a brief in which they identified themselves solely as Gates' attorneys and raised only points of error relating to the dismissal of Gates' cross-claim. No brief was filed by Baugher's at-

Joan B. Bernstein, Gerard Thomas Noce, Evans & Dixon, St. Louis, James Leslie Thomas, Waynesville, for plaintiff, appellant.

David T. Butsch, Jeffrey M. Glass, Hinshaw & Culbertson, St. Louis, for defendant, respondent.

CRANE, Judge.

Defendant, The Gates Rubber Company, Inc. [Gates], appeals the dismissal with prejudice of its cross-claim against defendant The Hartford Insurance Company [Hartford] for spoliation of evidence. Gates had alleged that it was entitled to damages because Hartford's employees had either negligently

torneys. Baugher's appeal has thus been abandoned.[1]

We recite the relevant facts as alleged in Gates' cross-claim and an incorporated affidavit. Hartford investigated Baugher's accident. During the course of that investigation, Mary Kopuster, a Hartford employee, obtained possession of the hose and coupling involved in the accident. While Hartford had possession of the hose and coupling, Gates informed Hartford that the hose and coupling were vital to Gates' defense in a separate wrongful death action filed by Brenda Huncovsky in St. Louis County. Hartford's employees agreed to preserve the evidence and produce it as necessary. Kopuster put the hose and coupling in a cardboard box and locked them in an evidence storage room at Hartford. She subsequently removed the box to produce the hose and coupling for inspection by Gates' attorney and another individual. An expert examined the coupling and concluded that Gates' power crimp was not defective, but the operator of the power crimp was negligent in crimping the hose and coupling. Following the attorney's inspection Kopuster placed the hose and coupling back in the box, sealed it, and put her name and the word "evidence" on the box. She kept the box in her office credenza in order to return it to the entity from which she had obtained it. In preparation for Hartford's move to another office location, the boxed hose and coupling were packed into another numbered box along with other items from Kopuster's desk and credenza. After the move, and again after being subpoenaed, Kopuster conducted an extensive search but could not find the hose and coupling.

Gates alleged in Count I of its cross-claim that Hartford's conduct was negligent and in Count II of its cross-claim that Hartford's conduct was intentional. Gates contended it was damaged because without the coupling it cannot obtain expert testimony, it has been deprived of an opportunity to fully defend itself and "may in the future" be deprived of an opportunity to prevail at trial in either the Baugher or Huncovsky actions and "may be forced to pay a settlement or a judgment against it."

## APPEAL

Gates asserts the trial court erred in dismissing its cross-claim with prejudice because a cause of action for intentional or negligent spoliation of evidence does or should exist in this state and the petition therefore stated a claim for relief. Each of its points states a different reason why Missouri should recognize a cause of action in this case for intentional or negligent spoliation.

■ In reviewing a trial court's order dismissing a claim for failure to state a claim upon which relief can be granted, we accept all properly pleaded facts as true, we give the pleadings their broadest intendment, and we construe all allegations favorably to the pleader. *Stevenson v. City of St. Louis School Dist.,* 820 S.W.2d 609, 611 (Mo.App. 1991). However, we do not accept the conclusions of the pleader. *Id.* We consider any attached exhibits as part of the petition for all purposes. *Davis v. Carmichael,* 755 S.W.2d 679, 680 (Mo.App.1988). Rule 55.12.

## SPOLIATION

■ "Spoliation" is the destruction or significant alteration of evidence. *See* Black's Law Dictionary 1401 (6th ed. 1990). In Missouri, if a party has intentionally spoliated evidence, indicating fraud and a desire to suppress the truth, that party is subject to an adverse evidentiary inference. *Brown v. Hamid,* 856 S.W.2d 51, 56–57 (Mo. banc 1993). However, Missouri has not recognized spoliation, either intentional or negligent, as the basis for tort liability against

1. The two appellants could have jointly filed one brief. However, the brief should have been filed by the attorneys for both appellants or, alternatively, Gates' attorney should have entered an appearance for both appellants. One party cannot assert trial court error for actions in which it was not the aggrieved party. *Garrett v. Monroe,* 704 S.W.2d 275 (Mo.App.1986). Further, the points of error in a joint brief must cover all errors asserted by both parties. Failure to assert error on behalf of a party means the error is abandoned. *Speedie Food Mart, Inc. v. Taylor,* 809 S.W.2d 126, 129 (Mo.App.1991). Assignments of error set forth for the first time in an appellant's reply brief do not present issues for appellate review. *Application of Gilbert,* 563 S.W.2d 768, 770–71 (Mo. banc 1978).

either a party or a non-party to the action in which the evidence was to be used. Gates asks us to hold that Missouri would recognize causes of action for both intentional and negligent spoliation. Before we can reach that issue, we must examine the theoretical basis for intentional and negligent spoliation as it has developed in other jurisdictions and determine whether the facts as pleaded would entitle Gates to relief under either theory.

### A.

#### Intentional Spoliation

We first address Gates' assertion that a claim for intentional spoliation of evidence in a prospective or pending lawsuit does or should exist in Missouri. Two jurisdictions, California and Alaska, have specifically recognized intentional spoliation of evidence as a tort.

The California Court of Appeals recognized this tort in *Smith v. Superior Court For County of L.A.*, 151 Cal.App.3d 491, 198 Cal.Rptr. 829 (1984). In *Smith* the plaintiff was injured when a wheel fell off a customized van and crashed into the windshield of plaintiff's vehicle. The van was towed to the customizer/dealer for repairs. The customizer/dealer agreed with plaintiff's attorney to maintain certain parts of the van pending further investigation. The plaintiff filed a products liability suit against the customizer/dealer seeking compensation for her injuries. The van parts were subsequently lost or destroyed making it impossible for plaintiff's experts to inspect or test the parts. The plaintiff amended her complaint against the customizer/dealer to add a claim for intentional spoliation of evidence. She alleged as damage the "significant prejudice" to her opportunity to obtain compensation for her physical and emotional injuries. 198 Cal. Rptr. at 832. The trial court sustained the customizer/dealer's demurrer on the grounds that such an intentional tort did not exist.

The court of appeals issued a writ of mandamus. Relying on California case law recognizing a cause of action for intentional interference with a prospective business advantage, the court held that a cause of action may be stated for intentional spoliation of evidence needed for a prospective or pending products liability suit. *Id.* at 836–37. It further held that a prospective civil action in a product liability case is a valuable "probable expectancy" that the court must protect from intentional interference. *Id.* at 837. The intentional loss of relevant evidence interfered with the plaintiff's *opportunity* to recover damages for plaintiff's injuries. *Id.*

The Alaska Supreme Court followed the reasoning of *Smith* in *Hazen v. Municipality of Anchorage*, 718 P.2d 456 (Alaska 1986). In that case, after criminal charges against the plaintiff were dismissed, her attorney asked the city prosecutor that a tape recording made of her meeting with an undercover officer be preserved. The plaintiff and her attorneys had previously listened to the recording and claimed it was clear and exculpated the plaintiff. The plaintiff filed a suit against the city and the arresting officers for false arrest and malicious prosecution. When the plaintiff subsequently obtained the recording, it was inaudible. The plaintiff amended her complaint to add the prosecutor and to allege that all defendants had intentionally altered the tape recording in order to impede her civil action. Adopting the rationale of *Smith*, the Alaska Supreme Court held that the plaintiff had a cause of action for intentional interference with a prospective civil action by spoliation of evidence. *Hazen*, 718 P.2d at 463. The court found plaintiff's prospective false arrest and malicious prosecution actions were "valuable probable expectancies." *Id.* at 464.

In both *Smith* and *Hazen* the evidence was lost or destroyed by the adverse party who had agreed to preserve the evidence and who benefitted by the destruction of the evidence. California also allows intentional spoliation actions against third parties where there has been an agreement to preserve the evidence in question. *See Reid v. State Farm Mutual Automobile Insurance Co.*, 173 Cal.App.3d 557, 218 Cal.Rptr. 913, 927 (1985) (affirming summary judgment in favor of the insurer because under uncontroverted facts insurer had no duty to preserve the car). However, California holds an employee's claim against the employer's workers' compensation carrier for spoliation of evidence relating to the

employee's personal injury action is barred by the exclusive remedy doctrine under workers' compensation. *Ernst v. Fireman's Fund Ins. Co.,* 14 Cal.App.4th 930, 17 Cal. Rptr.2d 784, 788 (1993).

*Situations in which tort not recognized*

■ Missouri is among the many jurisdictions which have not recognized a tort for intentional spoliation. In *Brown,* a medical malpractice case, the plaintiff sought to add a second count alleging intentional spoliation of medical records against the defendant physician. The trial court denied leave, finding Missouri does not recognize that cause of action. The case went to trial solely on the malpractice action. On appeal the Missouri Supreme Court found no basis in that case to recognize a tort for intentional spoliation where the trial judge had found (during other trial proceedings) there was no evidence that the defendant had destroyed the records. 856 S.W.2d at 57.

When confronted by the issue of whether or not to recognize a claim for intentional spoliation of evidence, other jurisdictions, like Missouri, have refused to recognize such a tort where the facts of the case would not support a cause of action even if the tort were recognized. *See Koplin v. Rosel Well Perforators, Inc.,* 241 Kan. 206, 734 P.2d 1177, 1181–82 (1987) (alleged spoliator was not a party to the underlying claim, was subrogated to plaintiff, and had no duty to preserve its own property);[2] *Petrik v. Monarch Printing Corp.,* 150 Ill.App.3d 248, 103 Ill.Dec. 774, 783, 501 N.E.2d 1312, 1321 (1986) (causation not established between defendant's loss of underlying suit and the destruction of records); *Pharr v. Cortese,* 147 Misc.2d 1078, 559 N.Y.S.2d 780, 781 (1990) (plaintiff could maintain and prove her malpractice case whether physician had or had not altered records); *Panich Iron Wood Products Corp.,* 179 Mich.App. 136, 445 N.W.2d 795, 798–99 (1989) (subrogated employer had economic interest in plaintiff employee's action); *Wilson v. Beloit Corp.,* 921

F.2d 765, 767–68 (8th Cir.1990) (no showing of duty by third party to litigation).

The Maryland Court of Appeals has held that because of the availability of adverse inferences or presumptions against a spoliator who is a party in the underlying suit, it would not recognize a separate cause of action for intentional spoliation against a party to the litigation. *Miller v. Montgomery County,* 64 Md.App. 202, 494 A.2d 761, 767–68 (1985).

In *Edwards v. Louisville Ladder Co.,* 796 F.Supp. 966, 970–71 (W.D.La.1992), a federal district court found Louisiana would not recognize the tort where there was no evidence of duty on the part of the third party to litigation, and also in view of policy reasons against such recognition. Likewise in *Murphy v. Target Products,* 580 N.E.2d 687, 690 (Ind.App.1991), the Indiana Court of Appeals declined to recognize the tort for policy reasons and because there was no showing of duty on part of plaintiff's employer who was a party to the underlying claim. The policy reasons given by both courts are discussed under "Negligent Spoliation" below.

*Application to present case*

Gates argues that a plaintiff's prospective civil action is a "probable expectancy" and it, as a defendant, should be likewise protected from spoliation of exculpatory evidence. Even if the doctrine of "probable expectancy" as recognized in California would apply to an opportunity to successfully defend a lawsuit, "probable expectancies" are not protected in Missouri.

California's recognition of the tort of intentional spoliation is based on its recognition of the tort of "interference with prospective business advantage." *Smith,* 198 Cal.Rptr. at 836–37. The first element of that tort is an economic relationship between the plaintiff and some third person containing the *probability* of future economic benefits to the plaintiff. *Buckaloo v. Johnson,* 14 Cal.3d

---

**2.** A federal district court has held that Kansas would recognize the tort of intentional spoliation of evidence under some circumstances. *Foster v. Lawrence Memorial Hosp.,* 809 F.Supp. 831, 838 (D.Kan.1992) (Foster I) (treating physician destroyed medical records). However, the same

court in the same case found no submissible spoliation claim where plaintiffs sought the same damages for spoliation as for malpractice. *Foster v. Lawrence Memorial Hospital,* 818 F.Supp. 319, 322, 325 (D.Kan.1993) (Foster II).

815, 827, 122 Cal.Rptr. 745, 752, 537 P.2d 865, 872 (1975) (emphasis added). The plaintiff must only show a "probability" of future economic benefit. As applied to spoliation of evidence, California defines the tort as interference with the *opportunity* to win a lawsuit. *Smith*, 198 Cal.Rptr. at 837. A plaintiff is not required to allege that he or she would have obtained compensatory damages "but for" the defendant's interference. *Id.*

Missouri recognizes a claim for tortious interference with a contract or valid business expectancy. *Community Title v. Roosevelt Federal S & L*, 796 S.W.2d 369, 372 (Mo. banc 1990). The first element of that tort is the existence of a contract or a valid business expectancy. *Id.* In contrast to California law, in Missouri the plaintiff must prove that the expectancy would have come to fruition *but for* the actor's improper conduct. *American Bank of Princeton v. Stiles*, 731 S.W.2d 332, 344 (Mo.App.1987); *Community Title Co. v. Roosevelt Federal Sav.*, 670 S.W.2d 895, 905 (Mo.App.1984) (emphasis added). The same standard of causation applies in Missouri legal malpractice cases. The plaintiff must plead that, *but for* the defendant attorney's conduct the plaintiff would have been successful in the prosecution of the underlying claim. *Scher v. Sindel*, 837 S.W.2d 350, 353 (Mo.App.1992). In both cases this is a stricter standard of causation than that recognized in California and would not furnish a basis for Missouri courts to recognize an interference with an opportunity to win a lawsuit where there was only a probability of success.

Further, a Missouri tortious interference claim requires intentional interference and the absence of justification. *Community Title*, 670 S.W.2d at 905. Negligent conduct is insufficient. *Peterson v. Kennedy*, 791 S.W.2d 459, 466 (Mo.App.1990). "Liability under this tort cannot be predicated upon speculation, conjecture or guesswork, and no fact essential to submissibility can be inferred absent a substantial evidentiary basis." *Community Title*, 670 S.W.2d at 905.

Gates argues that it has pleaded "intentional acts of spoliation designed to disrupt" its defense of the Gates and Huncovsky cases. Gates alleges that Hartford had a subrogation interest in Baugher's products liability claim against Gates and concludes that Hartford intentionally spoliated evidence to disrupt Gates' ability to defend itself against Baugher's claim. However, Gates' cross-claim lacks any allegation of fact from which one could infer Hartford or its employees intentionally destroyed the evidence. To the contrary, the facts set out in the affidavit and incorporated in the cross-claim specifically refute any claim that the hose and coupling were intentionally lost. Further, Hartford is subrogated to Baugher, who has the burden of proof in the underlying action, and would not benefit from any loss of the evidence needed by Baugher to make its case against Gates. Because no facts are alleged supporting the allegation that Hartford acted intentionally, this case presents no basis to recognize a tort of intentional spoliation in Missouri. *See Murray v. Farmers Ins. Co.*, 118 Idaho 224, 796 P.2d 101, 106 (1990).

### B.

### *Negligent Spoliation*

We next address Gates' assertion that a claim for negligent spoliation of evidence does or should exist in Missouri. California courts have recognized a cause of action for negligent spoliation of evidence by analogizing negligent spoliation with the tort of negligent interference with prospective economic advantage as recognized in California. *Velasco v. Commercial Building Maintenance Co.*, 169 Cal.App.3d 874, 215 Cal.Rptr. 504, 506 (1985) (recognizing tort, but affirming dismissal of complaint because foreseeability not established). Missouri, unlike California, does not recognize an independent tort of negligent interference with prospective business advantage. Accordingly, there is no comparable basis in Missouri on which to recognize a separate tort for negligent destruction of evidence needed for prospective civil litigation.

Gates argues that Missouri should recognize a cause of action under common law principles of negligence. Very few jurisdictions have recognized a common law cause of action for negligent spoliation of evidence. In *Bondu v. Gurvich*, 473 So.2d 1307, 1313

911

(Fla.App.1984) a Florida court of appeals held that a plaintiff stated a cause of action in common law negligence for spoliation against a hospital where she alleged a statutory duty to maintain records, breach of that duty and the resulting loss of her medical negligence lawsuit. In *Continental Ins. Co. v. Herman,* 576 So.2d 313 (Fla.App.1990), the same Florida appellate court defined the elements of a cause of action for negligent destruction of evidence as follows:

> 1) existence of a potential civil action, 2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, 3) destruction of that evidence, 4) significant impairment in the ability to prove the lawsuit, 5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and 6) damages.

*Id.* at 315. The court concluded that plaintiff had no cause of action where plaintiff obtained a favorable result in the underlying suit. *Id.*

In addition, a federal district court in Pennsylvania has held a claim for common law negligence for destruction of evidence is stated under Pennsylvania law where a person voluntarily agrees to assume a duty to preserve the evidence and negligently loses it. *Pirocchi v. Liberty Mutual Insurance Co.,* 365 F.Supp. 277, 281 (E.D.Pa.1973). In that case the petition alleged the insurer took possession of an allegedly defective chair for investigative purposes and, upon returning it, failed to tag it, obtain a receipt for it, or deliver it to a supervisor, which caused the chair to be lost after its return.

*Bondu* cited *Fox v. Cohen,* 84 Ill.App.3d 744, 40 Ill.Dec. 477, 406 N.E.2d 178 (1980). In that case an Illinois appellate court indicated a negligence action may lie where the defendant is under a statutory duty to preserve evidence. *Id.* at 478–81, 406 N.E.2d at 179–82. However, a later Illinois case indicated that Illinois had not yet decided whether a "wide ranging common law spoliation of evidence tort" should be recognized because *Fox* and *Petrik,* 103 Ill.Dec. 774, 501 N.E.2d 1312, had been decided without reaching the

question. *Rodgers v. St. Mary's Hosp. of Decatur,* 198 Ill.App.3d 871, 145 Ill.Dec. 295, 297–98, 556 N.E.2d 913, 915–16 (1990). In *Rodgers,* the court held it did not need to determine if a common law cause of action existed because plaintiff had a statutory cause of action for the loss of x-rays. *Id.* at 298, 556 N.E.2d at 916.

*Situations in which tort not recognized*

The remainder of jurisdictions which have addressed the existence of a claim for negligent spoliation have declined to do so, either because one of the common law negligence elements was missing or for policy reasons.

Missouri has refused to recognize an independent tort for negligent maintenance of medical records where there was no duty to maintain those records. *Brown,* 856 S.W.2d at 57. Other jurisdictions have also declined to recognize negligent spoliation as an independent tort or as the basis for a negligence claim where no special relationship or duty has been alleged. *See Koplin v. Rosel Well Perforators, Inc.,* 241 Kan. 206, 734 P.2d 1177, 1179 (1987). There the court stated:

> Absent some special relationship or duty rising by reason of an agreement, contract, statute, or other special circumstance, the general rule is that there is no duty to preserve possible evidence for another party to aid that other party in some future legal action against a third party.

734 P.2d at 1179.[3]

In *Murphy,* the Indiana Court of Appeals upheld the dismissal of a spoliation count where no duty was alleged. The court held that although plaintiff denominated his claim as tortious interference with litigation by negligent spoliation of evidence, the elements of common law negligence had to be alleged. 580 N.E.2d at 688. The court found that in the absence of any duty, a claim of negligent spoliation of evidence is not and ought not be recognized in Indiana. *Id.* at 690. It also identified policy reasons against recognizing an independent tort, including a policy against continuous litigation which prohibits

**3.** See footnote 2, *supra.*

a party from suing a witness for false testimony, and a policy that, absent some duty, a non-party has no legal responsibility for evidence in its possession until subpoenaed. *Id.* See also *Wilson,* 921 F.2d at 767 (applying Arkansas law); *Panich,* 445 N.W.2d at 797; *Coley v. Arnot Ogden Memorial Hosp.,* 107 A.D.2d 67, 485 N.Y.S.2d 876, 878 (1985); and *Parker v. Thyssen Min. Const. Inc.,* 428 So.2d 615, 617–18 (Ala.1983), all cases in which a duty was not alleged.

Other jurisdictions have declined to recognize an independent tort for negligent spoliation where the facts of the case showed that one of the other common law elements of negligence was not established or alleged. In *Murray,* the Supreme Court of Idaho held that, even if Idaho recognized a cause of action for negligent spoliation of evidence, the trial court properly refused to instruct the jury on the tort where the alleged spoliator did not proximately cause plaintiffs' damages. 796 P.2d at 107. In *Tomas v. Nationwide Mutual Insurance Company,* 79 Ohio App.3d 624, 607 N.E.2d 944, 948–49 (1992), the Ohio Court of Appeals held that even if a tort for negligent spoliation existed, summary judgment was properly granted where plaintiff failed to show he would have prevailed in the underlying action had the evidence not been destroyed.

In *Edwards,* the federal district court concluded the Louisiana Supreme Court would not recognize a cause of action for negligent spoliation of evidence in light of the policy reasons against recognition and the facts of the case. It identified the following policy reasons against recognition: the speculative nature of the claim, especially where the party asserting the claim did not have the burden of proof in the underlying case; interference with property rights to dispose of one's own property; the need for a new remedy when other remedies, such as discovery sanctions and evidentiary presumptions are available; and inconsistency with the policy favoring final judgments. 796 F.Supp. at 969–71. As applied to the case before it, the district court found there was no agreement or special relationship between the parties.

*Id.* at 971. Moreover, the third party plaintiff did not have the burden of proof in the underlying action, and the third party defendant was not a party to the underlying lawsuit. *Id.* The court granted the third party defendant's motion for summary judgment. *Id.* at 966.

In *Miller,* the Maryland Court of Appeals refused to recognize a separate cause of action for negligent spoliation against a party where adverse inferences were available. 494 A.2d at 767–68. Georgia has also announced that it does not recognize spoliation of evidence as a tort. *Gardner v. Blackston,* 185 Ga.App. 754, 365 S.E.2d 545, 546 (1988). West Virginia has indicated it has taken no position on the existence of a cause of action for spoliation. *Taylor v. Ford Motor Co.,* 185 W.Va. 518, 408 S.E.2d 270, 271 fn. 2 (1991).

*Application to this case*

■ Before we reach the issue of whether common law negligence does or should include negligent interference with a party's interest in the outcome of a lawsuit, we must first determine if Gates alleged the necessary elements of common law negligence. Gates argues it has alleged all elements, including damages. Hartford argues that Gates' action is premature because it has failed to allege a legally cognizable injury. Gates filed its spoliation claim before the underlying action was resolved. Gates alleged damages as follows:

9. As a direct and proximate result of the negligence and carelessness of defendant Hartford in spoliating, losing and/or misplacing said evidence, this defendant sustained damage in that it was not permitted to have experts examine the evidence in order to fully prepare its defense to the present case and the *Huncovsky* case. Defendant Hartford knew or should have known that in spoliating, losing and/or misplacing the evidence that defendant Gates would be damaged in that it would be unable to fully defend itself in the present case and the *Huncovsky* case.

10. Defendant Gates has accordingly been prevented from obtaining expert evi-

dence or any other evidence regarding the rubber hose and coupling to defeat and/or substantially limit any and all claims which have been brought against it by plaintiff herein and *Huncovsky.*

11. Defendant Gates has been deprived of an opportunity to fully defend itself and may in the future be deprived of an opportunity to prevail at trial and accordingly be forced to settle the plaintiff's claim and/or the *Huncovsky* claim as a result of not having the evidence in question may have plaintiff or *Huncovsky* prevail at trial against it. [sic]

12. As a result defendant Gates has been or will be damaged in the amount of any settlements or judgments entered herein in this case and accordingly defendant Gates is entitled to recover from the Hartford the full amount of any settlements with plaintiff herein or in the *Huncovsky* case or any judgments rendered herein or in the *Huncovsky* case and defendant Gates should be fully indemnified on Count I of this Cross–Claim.

A claim for negligence requires that a plaintiff plead facts which demonstrate defendant owed a duty to plaintiff, defendant breached that duty, and the breach of that duty proximately caused plaintiff's injury. *Krause v. U.S. Truck Co., Inc.,* 787 S.W.2d 708, 710 (Mo. banc 1990). Central to such a claim is the establishment of injury. A cause of action for negligence does not arise until plaintiff suffers an injury. *Quick v. All Tel Missouri, Inc.,* 694 S.W.2d 757, 759 (Mo.App. 1985). Until a cause of action accrues, its owner does not have a present right to institute and maintain an action or suit. *Brinkmann v. Common School Dist. No. 27,* 238 S.W.2d 1, 5 (Mo.App.1951).

Applying these principles, this court has affirmed the dismissal of a legal malpractice suit as premature where the underlying lawsuit was still pending. *Eddleman v. Dowd,* 648 S.W.2d 632 (Mo.App.1983). We held that as long as the underlying lawsuit remains pending, the plaintiff client could not show

that his attorney's professional negligence in handling that suit caused any damage. *Id.* at 633–34. In *Heartland Stores Inc. v. Royal Ins. Co.,* 815 S.W.2d 39 (Mo.App.1991), Heartland brought an action against its insurer for damages for negligence on the part of an attorney retained by the insurer to defend a personal injury action against Heartland. Heartland alleged the attorney was negligent in failing to file a motion for directed verdict. This failure allegedly limited the issues Heartland could raise on appeal. Our Western District held that, because the case was settled before the appeal was prosecuted, there was no proof that Heartland's position on appeal was impaired and the jury would have to resort to "speculation and guesswork" to find that damages resulted from such failure. *Id.* at 42.

Jurisdictions which have applied the same principles to third party spoliation cases based on common law negligence have held that the underlying action must be resolved and damage thus established before a cause of action for negligent spoliation will arise. In *Fox,* the Illinois Court of Appeals held that an action for the negligent loss of medical records was properly dismissed as premature where the underlying malpractice action was still pending. 406 N.E.2d at 183. It held the fact that "plaintiff will lose her malpractice action because of a missing EKG is, as of now, purely speculative and uncertain." *Id.* Likewise the Minnesota Supreme Court has held that even if it were disposed to create a cause of action in tort for spoliation, the case before it should have been disposed of on motions to dismiss or for summary judgment where the underlying claim had not been tried. *Federated Mutual Insurance Company v. Litchfield Precision Components, Inc.,* 456 N.W.2d 434, 439 (Minn.1990). The court held resolution of plaintiff's underlying claim was necessary to demonstrate actual harm and prevent speculative recovery. *Id.* In recognizing a claim for negligent spoliation, a Florida case has held that the fact of damages became certain and plaintiff's cause of action ripened when

the underlying lawsuit was resolved. *Bondu,* 473 So.2d at 1311, 1313.[4, 5]

The circumstances of this case support the application of the established rule that a cause of action does not arise until an injury is suffered. Whether Gates will suffer injury by the loss of the evidence is wholly speculative at this point. Gates claims as a result of the loss of the evidence it may be deprived of an opportunity to prevail and will be damaged in the amount of an adverse judgment or settlement against it in the Baugher and Huncovsky actions. However, Gates, like the ladder manufacturer in *Edwards,* does not have the burden of proof. Gates argues that a submissible products liability case cannot be made where the allegedly defective product has been destroyed or is unavailable for examination and no other evidence of defect exists. If this is so, then the possibility of adverse judgments against Gates, the defendant in the underlying products liability suits, would be remote.

We conclude that even if Missouri were to recognize an action for spoliation based on common law negligence, Missouri law requiring the fact of damage to be established would prohibit such a claim against a nonparty to the underlying action where that action has not been resolved. Resolution of the underlying claim would be necessary to demonstrate actual harm and prevent speculative recovery. The fact of Gates' damage will not be certain until it pays a settlement or judgment, and, as a result, its action is premature. Since there is no injury, this case does not present a basis for determining whether a cause of action for negligent spoliation would be recognized in Missouri.

The trial court did not err in dismissing Gates' claims for negligent and intentional spoliation of evidence. The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and SIMON, J., concur.

---

4. However in a spoliation case based on breach of contract, where contract damages were the value of the lost opportunity or chance at the time of the breach, a Florida court has indicated that it agreed with the reasoning of the California court in *Smith* and saw no reason to wait for a final judgment in the underlying suit before bringing a spoliation claim. *Miller v. Allstate Ins. Co.,* 573 So.2d 24, 28 n. 7 (Fla.App.1990). *But see, Continental,* 576 So.2d at 315, where the same court held a plaintiff had no cause of action for destruction of evidence because her ability to prove the underlying lawsuit was not significantly impaired where she had obtained a favorable final judgment in the underlying case.

5. Three courts have allowed spoliation claims to proceed as part of the underlying claim where the defendant in the spoliation claim was also the defendant in the underlying claim and valid policy reasons existed for determining the defendant's total culpability to plaintiff in one action. *Smith,* 198 Cal.Rptr. at 837; *Hazen,* 718 P.2d at 463–64; and *Foster I,* 809 F.Supp. at 839 fn. 8. Further, in *Smith* and *Hazen* the claim was based on intentional spoliation and the injury was interference with a "probable expectancy." And in *Foster* a submissible damages claim was not made and the spoliation count was dismissed. *Foster II,* 818 F.Supp. at 322, 325.