

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| WILLIAM SANDBACH, et al., | ) | No. ED112808 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 23SL-CC05379 |
| | ) | |
| KMS-KFC, LLC, et al., | ) | Honorable Nancy Watkins McLaughlin |
| | ) | |
| Respondents. | ) | Filed: April 1, 2025 |

## Introduction

This case arises from the destruction of video evidence in Respondents' possession, which Appellants intended to use as evidence in their underlying action against Respondents. In the present case, in which Appellants attempted to bring an independent lawsuit for Respondents' spoliation of the video evidence, Appellants argue the circuit court erred in granting Respondents' motion to dismiss for failure to state a claim. Appellants maintain Missouri has recognized an independent cause of action for spoliation and they sufficiently pled the elements of that cause of action. We affirm the judgment of the circuit court dismissing Appellants' spoliation action. We also deny Respondents' request for damages under Rule 84.19.

## Factual and Procedural Background

### Facts

Appellants William and Jennifer Sandbach and their daughter sued Respondents KMS-KFC, LLC and KFC Corporation, Inc. The lawsuit arose from a confrontation between Appellants and employees working at a Kentucky Fried Chicken restaurant, of which KMS-KFC is the franchisee and KFC Corporation is the franchisor. Appellants alleged they entered Respondents' restaurant shortly before it closed. The employees wanted Appellants to take their food to go, while Appellants insisted on eating in the restaurant. Appellants, who are white, claimed that the employees, who are black, responded by calling them "white trash." Other sharp words were exchanged between Mrs. Sandbach and an employee before Appellants left the restaurant.

Appellants alleged that, as they were leaving, things took a turn for the worse. Several employees, including the manager, swarmed Appellants on the parking lot, insulting them, calling them racial slurs, and threatening to kill them. An employee threatened to have "her people" find where Appellants lived and "do a drive by" since she had their license plate number.

Central to the current litigation, the events of that night were captured on security video, which subsequently was destroyed by Respondents.

Procedural Background

In the underlying case of *William Sandbach, et al. v. KMS-KFC, LLC., et al.*, Cause No. 19SL-CC01102, Appellants sued Respondents in St. Louis County Circuit Court for various torts: assault; negligent hiring, training, supervision, and retention; and intentional and negligent infliction of emotional distress. Appellants brought all counts, except the negligent hiring count, pursuant to a *respondeat superior* theory of liability.

The trial court granted summary judgment in favor of Respondents on all counts, save the negligent hiring count, which remains pending. The trial court granted summary judgment based on the "unexpected and outrageous," and therefore unforeseeable, nature of the employees'

conduct. The trial court concluded that the employees' conduct, as alleged by Appellants, was "so outrageous – and with regard to the alleged death threat, so criminal – that as a matter of law the conduct must be declared to not be within the scope of employment." Respondents therefore could not be liable under *respondeat superior*.

On December 15, 2023, Appellants filed a motion alleging spoliation of the security video, among other evidence.[1] The trial court, after holding a hearing and receiving evidence, found grounds for spoliation of the security video and granted Appellants a remedy to be fashioned at the trial of the surviving negligent hiring count.

On December 16, 2023, one day after filing the spoliation motion in the underlying case, Appellants filed the instant spoliation lawsuit against Respondents. They asserted claims for *prima facie* tort, negligence, intentional and/or reckless destruction of evidence, and conspiracy to intentionally destroy evidence, all based on Respondents' destruction of the video evidence in the underlying case. In their prayer for relief, Appellants requested money damages, including punitive damages, and attorney fees incurred in bringing the spoliation lawsuit.

Respondents filed a motion to dismiss the petition for failure to state a claim under Rule 55.27(a)(6).[2] In the motion, they argued Missouri does not recognize an independent cause of action for spoliation of evidence. The circuit court entered an order and judgment granting Respondents' motion and dismissing Appellants' petition.

Appellants now appeal the circuit court's order and judgment.

**Discussion**

---

[1] "Spoliation is the intentional act of destruction or significant alteration of evidence." *Hill v. SSM Health Care St. Louis*, 563 S.W.3d 757, 761 (Mo. App. E.D. 2018) (citing *Pisoni v. Steak 'N Shake Operations, Inc.*, 468 S.W.3d 922, 926 (Mo. App. E.D. 2015)).
[2] All rule references are to the Missouri Supreme Court Rules (2024).

3

In their single point relied on, Appellants argue the circuit court erred in granting Respondents' motion to dismiss for failure to state a claim because Missouri recognizes an independent cause of action for spoliation of evidence and Appellants sufficiently pled the elements of that cause of action. For their part, Respondents characterize Appellants' appeal as moot and frivolous and request damages under Rule 84.19.

Mootness

Before considering the merits of Appellants' issue on appeal, we address Respondents' argument that the issue is moot. Mootness is a threshold justiciability issue that must be reviewed before addressing the merits of a case. *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001). "An appellate court is not permitted to review moot claims of error." *In Interest of J.T.S.*, 462 S.W.3d 475, 477 (Mo. App. W.D. 2015). "In terms of justiciability, '[a] cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.'" *State ex rel. Reed*, 41 S.W.3d at 473 (quoting *Shelton v. Farr*, 996 S.W.2d 541, 543 (Mo. App. W.D. 1999)) (internal quotations omitted). For us to review a case there must be an "actual and vital controversy susceptible of some relief." *Id.* (quoting *Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo. App. W.D. 1999)) (internal quotations omitted).

The issue before us—whether Missouri recognizes an independent claim of spoliation of evidence—is not moot. Though Appellants filed a spoliation motion and were granted an evidentiary remedy to be determined at trial in the underlying case, they argue here that, *in addition to* the spoliation finding and the remedy at trial, they are entitled to a distinct spoliation cause of action and the remedy of money damages. Because Appellants' issue on appeal raises an

4

independent cause of action with a distinct remedy from the spoliation finding and evidentiary remedy in the underlying case, it is not moot.

Similarly, Appellants' position here is that Respondents' spoliation of evidence resulted in the trial court's granting summary judgment on all but one of Appellants' counts in the underlying case. By contrast, the trial court's spoliation finding in the underlying case was only as to the surviving negligent hiring count, not the counts on which summary judgment was granted. In fact, Appellants did not file their spoliation motion until after summary judgment was granted on the other counts. Thus, the trial court's spoliation finding as to the negligent hiring count in the underlying case does not render moot Appellants' issue on appeal that Missouri recognizes a tort of spoliation as to the counts on which summary judgment was granted.

According to Appellants' framing of the issue, recognition of an independent claim for spoliation and a damages remedy for that claim would have, to say the least, a practical effect upon the controversy before us. *State ex rel. Reed*, 41 S.W.3d at 473. The issue is not moot, and we proceed to the merits of Appellants' appeal.

<u>Standard of Review</u>

The standard of review for an appeal of a circuit court's granting a motion to dismiss is *de novo*. *Lang v. Goldsworthy*, 470 S.W.3d 748, 750 (Mo. banc 2015). "'A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition.'" *State ex rel. Halsey v. Phillips*, 576 S.W.3d 177, 180 (Mo. banc 2019) (quoting *City of Lake St. Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010)). "'A court reviews the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action. . . .'" *Id.* "It will consider only the grounds raised in the motion to dismiss in reviewing the propriety of the trial court's dismissal of a petition, and, in so doing, it will not consider matters

5

outside the pleadings." *City of Lake Saint Louis*, 324 S.W.3d at 759 (citing *Brennan By and Through Brennan v. Curators of the Univ. of Mo.*, 942 S.W.2d 432, 434 (Mo. App. W.D. 1997)). A court must accept the petition's properly pleaded facts as true, giving the pleadings "their broadest possible intendment, and construe all allegations favorably to the pleader." *Murray-Kaplan v. NEC Ins., Inc.*, 617 S.W.3d 485, 491 (Mo. App. E.D. 2021).

Analysis

Appellants' sole point on appeal is that the circuit court erred in granting Respondents' motion to dismiss for failure to state a claim because spoliation is a valid claim under Missouri law and they adequately pled the elements of that claim.

Contrary to Appellants' point, Missouri does not recognize an independent cause of action for spoliation. *Marmaduke v. CBL & Assocs. Mgmt., Inc.*, 521 S.W.3d 257, 270 (Mo. App. E.D. 2017). Although Missouri courts have been called on to recognize tort liability for spoliation, they consistently have refused to do so. *See id.*; *see also Fisher v. Bauer Corp.*, 239 S.W.3d 693, 701 (Mo. App. E.D. 2007); *Pikey v. Bryant*, 203 S.W.3d 817, 825 (Mo. App. S.D. 2006); *Brown v. Hamid*, 856 S.W.2d 51, 56 (Mo. banc 1993); *Baugher v. Gates Rubber Co., Inc.*, 863 S.W.2d 905, 914 (Mo. App. E.D. 1993).

Instead, pursuant to long-standing precedent, "'[i]n Missouri, if a party has intentionally spoliated evidence, indicating fraud and a desire to suppress the truth, that party is subject to an adverse evidentiary inference.'" *Fisher*, 239 S.W.3d at 701 (quoting *Baugher*, 863 S.W.2d at 907). The adverse inference "holds the spoliator to admit that the missing evidence would have been unfavorable to its position." *Marmaduke*, 521 S.W.3d at 270. "[T]he spoliator is left to determine whether any remaining evidence exists, outside of the unavailable evidence it must admit is unfavorable, to support his or her claim or defense." *Id.* This evidentiary inference, derived from

6

English common law and recognized by our Supreme Court nearly 150 years ago, *see Pomeroy v. Benton*, 77 Mo. 64, 86-87 (Mo. 1882) (citing *Armory v. Delamirie* (1722) 93 Eng. Rep. 664 (KB)), remains a remedy for spoliation to this day.

Appellants nonetheless point to this Court's decision in *Fisher*, 239 S.W.3d 693, as recognizing "in an arguably subtle and implicit fashion" a tort for spoliation of evidence. Even in thus hedging their bets, Appellants misconstrue *Fisher*. In *Fisher*, as here, the appellant asserted the circuit court erred in granting a motion to dismiss his claim for spoliation "because a cause of action for spoliation would be recognized in Missouri if properly pleaded, and he pleaded facts sufficient to meet all of the elements of the tort if it would be recognized." *Id.* at 701. In response, this Court flatly stated, "No Missouri court has recognized intentional or negligent spoliation as a tort." *Id.*

The *Fisher* Court then surveyed the few jurisdictions that had adopted an independent tort of spoliation to gather what the elements of such a cause of action would be. *Id.* at 702–04. The Court determined that, even if Missouri were to recognize a tort of spoliation, the appellant had failed to sufficiently plead that claim. *Id.* at 704. Ultimately, the *Fisher* Court disclaimed, "we do not reach the question of whether such a tort should be recognized in Missouri." *Id.*

Beyond the *Fisher* Court's unambiguous refusal to reach the issue, we previously have concluded that *Fisher* did not recognize an independent tort for spoliation. *See Marmaduke*, 521 S.W.3d at 270 (citing *Fisher*, 239 S.W.3d at 701, and observing "Missouri has remained in the majority of states that ha[s] not recognized an independent cause of action based on the spoliation

7

of evidence"). Notwithstanding Appellants' assertion to the contrary, Missouri clearly has not recognized a cause of action for spoliation. We refuse to do so here, and for good reason.[3]

Only a minority of states has recognized a tort of spoliation. *See* Chris Sanchirico, *Evidence Tampering*, 53 Duke L.J. 1215, 1280 n.313 (2004); *see also Fletcher v. Dorchester Mut. Ins. Co.*, 773 N.E.2d 420, 424 n.9 (Mass. 2002) (collecting cases). California was the first state to adopt an independent tort of spoliation, if only briefly. *See Smith v. Superior Court*, 74 Cal.Rptr.2d 248, 250 (Cal. Ct. App. 1984). It has long since disavowed having done so. *Cedars-Sinai Med. Ctr. v. Superior Court*, 954 P.2d 511, 521 (Cal. 1998) (disavowing the tort of first-party intentional spoliation); *Temple Cmty. Hosp. v. Superior Court*, 976 P.2d 223, 225 (Cal. 1999) (disavowing the tort of third-party intentional spoliation). Florida likewise recognized, then rejected, a tort of intentional spoliation. *Martino v. Wal-Mart Stores, Inc.*, 908 So.2d 342, 347 (Fla. 2005) (disapproving *Bondu v. Gurvich*, 473 So.2d 1307 (Fla. Dist. Ct. App. 1984)).

The various states that have rejected a tort of spoliation offer persuasive rationales for having done so. The first rationale is the need for "finality of adjudication." *Cedars-Sinai Med. Ctr.*, 954 P.2d at 516; *Dowdle Butane Gas Co., Inc. v. Moore*, 831 So.2d 1124, 1135 (Miss. 2002); *Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998). Doing otherwise would invite "endless round[s] of litigation, derivative to the first lawsuit . . . ." *Temple Cmty. Hosp.*, 976 P.2d at 229 (citing *Cedars-Sinai Med. Ctr.*, 954 P.2d at 515); *see also Dowdle Butane Gas Co., Inc.*, 831 So.2d at 1135. In Missouri, the same rationale undergirds our well-established doctrine against collateral attacks on judgments. *See M.W. v. S.W.*, 539 S.W.3d 910, 918-19 (Mo. App. E.D. 2017). We have

---

[3] Obviously, if there were good reason to recognize a cause of action for spoliation of evidence, the Missouri General Assembly could enact legislation doing so. It has not.

made clear the "need for finality and certainty in judicial decisions." *Hussmann Corp. v. UQM Electronics, Inc.*, 172 S.W.3d 918, 920 (Mo. App. E.D. 2005).

Similarly, courts generally have rejected an independent cause of action for spoliation to avoid duplicative litigation. The proof required to establish the elements of a spoliation tort at trial would require a "retrial within a trial" of the spoliation issue raised in the underlying litigation in which the evidence was damaged or destroyed. *Cedars-Sinai Med. Ctr.*, 954 P.2d at 520; *see also Trevino*, 969 S.W.2d at 952. This procedural posture could easily lead to confusion of the jury and, worse, inconsistent outcomes. *See Temple Cmty. Hosp.*, 976 P.2d at 470–71; *Cedars-Sinai Med. Ctr.*, 954 P.2d at 520; *MetLife Auto & Home v. Joe Basil Chevrolet, Inc.*, 753 N.Y.S.2d 272, 281 (N.Y. App. Div. 2002), *aff'd*, 807 N.E.2d 865 (2004).

Courts also have been skeptical of the highly speculative nature of money damages as a remedy for spoliation. *Temple Cmty. Hosp.*, 976 P.2d at 475–76. When considering damaged or destroyed evidence, a jury could only speculate as to what the evidence would have shown and what effect, if any, it would have had in the underlying case. *Cedars-Sinai Med. Ctr.*, 954 P.2d at 518 (citing *Petrik v. Monarch Printing Corp.*, 501 N.E.2d 1312, 1320 (Ill. Ct. App. 1986)). The Appellate Court of Illinois has characterized such an exercise as "sheer guesswork." *Petrik*, 501 N.E.2d at 1320.

Finally, as briefly mentioned, judicial remedies already exist to deter and penalize spoliation. Missouri and many other states engage in an adverse evidentiary inference against the spoliator. *See, e.g., Temple Cmty. Hosp.*, 976 P.2d at 232; *Marmaduke*, 521 S.W.3d at 269; *Cedars-Sinai Med. Ctr.*, 954 P.2d at 520–21; *Goff v. Harold Ives Trucking Co., Inc.*, 27 S.W.3d 387, 391 (Ark. 2000); *Fletcher v. Dorchester Mut. Ins. Co.*, 773 N.E.2d 420, 426 (Mass. 2002). While the evidentiary inference is not direct monetary compensation, it effectively "covers the same injury"

9

that an independent tort would. Sanchirico, *Evidence Tampering*, 53 Duke L.J. at 1281. The evidentiary inference, in effect, may become a "monetary award[] by increasing the chance of a favorable verdict in the underlying case . . . ." *Id.* Thus, the creation of a distinct tort of spoliation would provide only an "incremental" benefit, *id.* at 1282, which must be weighed against its redundancy and the serious drawbacks set forth above.

Rule 61.01 provides trial courts with another tool when seeking to fashion a remedy for spoliation. *Marmaduke*, 521 S.W.3d at 271. In *Marmaduke*, this Court observed:

> [T]he spoliation doctrine, the rules of discovery, and the corresponding broad authority of the trial court to sanction and punish violations all arise from the same place: the fundamental principle that a court must be supplied all the relevant facts in order to carry out its duties to the litigants and to society to discover the truth in a dispute and to mete out justice. This cannot be done effectively and fairly if one side has either withheld relevant information or materials or has destroyed them or allowed their destruction.

*Id.* That said, "the spoliation doctrine is distinct from the sanctions available under Rule 61.01 because it is not concerned with the prejudice caused to the opposing party as a result of the missing evidence, but works to punish the spoliator." *Id.*

Rule 61.01 gives the trial court broad discretion to sanction a party's failure to appropriately respond to discovery requests, including when a party fails to produce evidence. *Id.* (citing *Fairbanks v. Weitzman*, 13 S.W.3d 313, 326-27 (Mo. App. E.D. 2000)). After the court determines the opposing party suffered prejudice from the violating party's conduct, the court may employ Rule 61.01(d), which allows the court to make any order that is "just," including, but not limited to, striking pleadings, dismissing an action, holding a party in contempt, ordering a party to pay attorney fees or reasonable expenses, or entering an order that prohibits a party from introducing certain evidence. *Id.* In short, we see no reason why Rule 61.01 may not be employed when spoliation occurs.

10

By utilizing either the adverse inference remedy, or Rule 61.01, or both, the trial court can hold the violating party accountable by considering the prejudice the opposing party suffered while also punishing the spoliator. And thus, the court may accomplish the ultimate purposes of pretrial discovery: to prevent surprises, reduce delay, and assist in determining the truth. *Id.* at 270-71.

For these reasons, we conclude, as have the courts before us, that an independent tort of spoliation is not recognized in Missouri. This is not by any means to condone the spoliation of evidence by any party. To be sure, our adverse evidentiary inference originates from the unmitigated abhorrence of spoliation expressed in the maxim "*omnia praesumuntur in odium spoliatoris*," or "all is presumed in hatred of the spoliator." *Pomeroy*, 77 Mo. at 85–86; *Marmaduke*, 521 S.W.3d at 268.

We close by observing that, even if we did not reject a tort of spoliation, Appellants fail to state a claim on which relief may be granted. The claims in Appellants' petition rest on the allegation that, "as a direct result of [Respondents'] intentional destruction of the video footage evidence, the trial court in Plaintiffs' [underlying] lawsuit . . . entered summary judgment on Plaintiffs' most[]valuable direct, intentional torts." But the spoliation of the video evidence had nothing to do with the trial court's granting summary judgment in the underlying lawsuit. There, Appellants alleged the contents of the spoliated video would have depicted the entire staff of the KFC restaurant chasing Appellants to their car while threatening to kill them. The trial court granted summary judgment not due to the spoliation of the video evidence, but because *respondeat superior* did not apply. The court concluded that the employees' conduct, *as alleged by Appellants*, was "so outrageous – and with regard to the alleged death threat, so criminal – that as a matter of law the conduct must be declared to not be within the scope of employment." Accordingly, in the case at bar, Appellants cannot establish as a matter of law any causal relationship between, or any

damages from, the spoliation of evidence and the grant of summary judgment in the underlying lawsuit.

Appellants' sole point on appeal fails because Missouri does not recognize an independent tort of spoliation. Point denied.

<u>Rule 84.19 Damages</u>

Respondents ask us to assess damages against Appellants for bringing a frivolous appeal under Rule 84.19. "'An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed.'" *Est. of Downs v. Bugg*, 242 S.W.3d 729, 734 (Mo. App. W.D. 2007) (quoting *Dennis v. H & K Mach. Serv. Co.*, 186 S.W.3d 484, 487 (Mo. App. E.D. 2006)). Respondents characterize the appeal as frivolous, first, because it is moot and, second, because a tort of spoliation does not exist in Missouri.

First, as we have addressed, the appeal is not moot. Second, though Appellants' argument that Missouri had recognized a tort of spoliation is overstated at best, our courts heretofore had not entirely foreclosed such a cause of action either. *See Fisher*, 239 S.W.3d at 704; *Baugher*, 863 S.W.2d at 914; *Brown*, 856 S.W.2d 56–57; *Pikey*, 203 S.W.3d at 825. The appeal is not frivolous, and we decline to assess damages pursuant to Rule 84.19.

**Conclusion**

For the foregoing reasons, we affirm the judgment of the circuit court dismissing Appellants' petition for failure to state a claim.

12

_____
Cristian M. Stevens, J.

James M. Dowd, P.J., and
Angela T. Quigless, J. concur.