William Christopher SMITH,
et al., Plaintiffs,

v.

Carl ATKINSON, et al., Defendants.

No. Civ.A. 98–A–947–N.

United States District Court,
M.D. Alabama,
Northern Division.

June 12, 2000.

W. Lee Pittman, C. Carter Clay, Pittman, Hooks, Dutton & Hollis, P.C., Birmingham, AL, for Plaintiffs.

Frank Johnston Stakely, William H. Webster, Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, AL, for Defendants.

Frank Johnston Stakely, William H. Webster, (See above), for Metropolitan Property & Casualty Insurance Co., defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Dismiss (Doc. # 3) filed by Defendants Metropolitan Property & Casualty Insurance Company, and Carl Atkinson ("Defendants") on August 31, 1998.

### II. MOTION TO DISMISS STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations

and will view them in a light most favorable to the nonmoving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. 2229. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

### III. *FACTS AND PROCEDURAL HISTORY*

Taking the Plaintiff's factual allegations as true, the submissions of the parties reveal the following facts within the context of the procedural history of this case:

In July of 1996, the Plaintiff and his wife and children were traveling in a minivan manufactured by the Chrysler Corporation when they were struck by another vehicle driven by Richard Ferguson ("Ferguson"). All of the passengers in the minivan suffered injuries, and the Plaintiff's wife, Monica Smith, ultimately died as a result of the injuries she sustained in the accident.

The Plaintiff filed a claim with his automobile insurance company, Defendant Metropolitan Property & Casualty Insurance Company ("Met P & C") on the underinsured motorist and collision coverage of his policy. The claims adjuster was Defendant Carl Atkinson. The Plaintiff also investigated bringing a products liability action against the Chrysler Corporation, and asked Carl Atkinson and Met P & C not to allow the minivan, which had been turned over to them, to be destroyed. The minivan was, however, destroyed before it could be inspected for defects.

The Plaintiff then brought a lawsuit against Ferguson and against Met P & C under his insurance policy. The Plaintiff subsequently settled these claims and executed an Affidavit and Partial Release of Claims ("Release") against Met P & C, except for any potential claim for the independent tort of evidence spoliation based on any involvement in the destruction of the minivan.

The Plaintiff subsequently filed a separate Complaint in the Circuit Court of Montgomery, Alabama, bringing claims against Met P & C and Atkinson for negligence in allowing the destruction of the vehicle, for outrage, and for negligent failure to train and supervise. The Complaint was removed to this court on the basis of diversity jurisdiction. The Defendants moved to dismiss the Complaint, stating that the Plaintiff had released all claims except a claim based on the independent tort of evidence spoliation, and arguing that Alabama law does not recognize the independent tort of evidence spoliation.

By Order of November 13, 1998, this court dismissed the outrage and negligent training counts of the Complaint, and informed the parties that it would certify a question to the Supreme Court of Alabama as to whether the independent tort of evidence spoliation exists under Alabama law.

On December 4, 1998, this court requested that the Supreme Court of Alabama answer the following questions pertaining to an alleged independent cause of action for spoliation of evidence:

1. Does Alabama recognize a cause of action for the independent tort of spoliation of evidence against a third party?

2. If so, what are the elements of that tort?

Order, Dec. 4, 1998. The Supreme Court of Alabama answered the certified questions on February 4, 2000. In answering the questions certified to it by this court, the Alabama Supreme Court stated that it saw no need to recognize a new cause of action for spoliation of evidence. *Smith v. Atkinson,* 2000 WL 127181, *2, —— F.Supp.2d ——, —— (D.Ala.2000). The court immediately followed that sentence with the statement that the court recognized "a claim against a third party for spoliation of evidence, under the traditional doctrine of negligence. . . ." *Id.*

After the Alabama Supreme Court declined to re-hear its decision, this court held a status conference with attorneys for

the parties and requested additional briefing on the Motion to Dismiss in light of the Supreme Court of Alabama's decision.

The case is now before the court on the Motion to Dismiss as to the remaining count in the Complaint.

## IV. *DISCUSSION*

The parties in this case initially argued that it was unclear under Alabama law whether a claim for spoliation of evidence could be brought against a third party. Accordingly, the court certified questions to the Supreme Court of Alabama to resolve that issue. Having received the Supreme Court of Alabama's answers, the parties now disagree over whether the claim recognized by the Supreme Court of Alabama for spoliation of evidence was the claim reserved in the Plaintiff's Release.

The Defendants interpret the decision by the Supreme Court of Alabama which answered the questions certified to the court to mean that the Plaintiff's remaining claim is due to be dismissed. According to the Defendants, the Plaintiff only reserved in his Release a claim based on the "independent tort of spoliation of evidence," and the Supreme Court of Alabama has declined to recognize an independent tort. In support of this argument, the Defendants point out that the Plaintiff's Petition for Approval of Pro Tanto Judgments, Stipulation and Joint Motion provides as follows:

> any potential claim that the Plaintiffs may have against Metropolitan Property and Casualty Insurance Company and any other person or entity for the independent tort of evidence spoliation based on the destruction of the accident vehicle ... is not dismissed, and that Plaintiffs may pursue that claim against Metropolitan Property and Casualty Company, and any other person or entity.

Petition, page 5. The Release states that all claims of liability and damages associated with the above referenced accident are released "except as to any potential claim for spoliation of evidence as described in the below Paragraph 8...." Affidavit and Partial Release, ¶ 7. Paragraph 8 states that Met P & C and another are not released for "any liability they may have for the independent tort of evidence spoliation based on any involvement that they may have had with the destruction of the accident vehicle ..." Affidavit and Partial Release, ¶ 8.

The Plaintiff argues in response that the Supreme Court of Alabama recognized that spoliation of evidence is cognizable as a claim against a third-party spoliator as a claim independent from the underlying tort action. The Plaintiff states that the language of the Release should not be read so restrictively so as to preclude the Plaintiff's claim, since the claim is cognizable under Alabama law. The Plaintiff states that the reasonable interpretation of the Release is that the Plaintiff agreed to release the tortfeasors in the underlying action and two insurers from all liability arising from the collision of the vehicles, but retained the right to pursue claims against Met P & C and Atkinson arising out of the independent, post-accident act of losing or destroying the van. According to the Plaintiff, use of the word "independent" in the Release refers to a tortious act committed after the accident which was the basis of the underlying state lawsuit.

The Defendants state that the Plaintiff's interpretation is not reasonable, and that the release clearly identifies an independent "tort" not an independent "claim." The Defendants state that the Plaintiff's interpretation is not consistent with the Alabama Supreme Court's use of the term "independent tort of spoliation of evidence." They also argue that to construe the Release in the manner urged by the Plaintiff would render the term "independent" mere surplusage because any claim for spoliation of evidence is independent from a claim for benefits under the insurance policy, and there were no other tort claims against Met P & C. Finally, the Defendants argue that because the release contemplates a spoliation claim against other entities, it must mean independent

"tort," because there would be no other claim from which the spoliation claim would be independent.

 The mere fact that the parties contend for different constructions of the Release provision does not necessarily mean that the disputed language is ambiguous. *See Upton v. Mississippi Valley Title Ins. Co.*, 469 So.2d 548, 554 (Ala. 1985). A contract is unambiguous if only one reasonable meaning emerges. *American Farm Bureau Federation v. Alabama Farmers Federation*, 935 F.Supp. 1533, 1544 (M.D.Ala.1996), *aff'd*, 121 F.3d 723 (11th Cir.1997). On the other hand, an ambiguity exists where a term is reasonably subject to more than one interpretation. *Cannon v. State Farm Mut. Automobile Ins. Co.*, 590 So.2d 191, 194 (Ala. 1991).

The interpretation advanced by the Defendants is that the Release used a term of art, namely, "independent tort of spoliation of evidence." According to the Defendants, the Release released all claims, unless there is a cognizable claim under Alabama law for spoliation of evidence which exists independently of traditional negligence principles. This may be a reasonable interpretation of the language of the Release, but the court does not agree that it is the only reasonable interpretation.

An equally reasonable interpretation of the Release is that it excepts from the claims being released any claim cognizable under Alabama law which is based on spoliation of evidence that is independent from the underlying tort action. Merely because "independent tort of spoliation of evidence" may have been used as a term of art by the Supreme Court of Alabama, the court cannot conclude from the language of the documents at issue that the parties used the words "independent tort of spoliation" as a term of art. Furthermore, the term "independent" is not rendered mere surplusage merely because the claims being released were contract claims based on the insurance policy, because the term "independent" clarifies that the spoliation of evidence at issue occurred outside of events surrounding the automobile accident. Such clarification was necessary because it was clear at the time that the Release was executed that Alabama law did not recognize a separate claim of spoliation of evidence when the spoliator was a defendant in the action on the underlying tort claim. *See Christian v. Kenneth Chandler Constr. Co.*, 658 So.2d 408, 413 (Ala.1995).

 Because there is more than one reasonable interpretation of the Release, and because the Supreme Court of Alabama has recognized a spoliation of evidence claim against a third party independent from the underlying tort action, the court cannot conclude that it is "beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief." *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986). The Motion to Dismiss is, therefore, due to be DENIED.

### V. CONCLUSION

For the reasons discussed, the Motion to Dismiss as to Count I one of the Complaint is due to be and is hereby ORDERED DENIED.