785 So.2d 679 (2001)
Eric YODER and Diana Yoder, Appellants,
v.
Larry KUVIN and James Dolan d/b/a Kudo Investments, Inc., Appellees.
No. 3D00-1560.
District Court of Appeal of Florida, Third District.
May 16, 2001.
*680 Gale Ciceric Payne, Fort Lauderdale, for appellants.
Bernstein & Chackman, Hollywood and Neil Rose, N. Bay Village, for appellees.
Before GERSTEN, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
Eric and Diana Yoder appeal a final summary judgment in a spoliation claim against James Dolan. They also seek reversal of the order denying their motion to consolidate the spoliation claim with the product liability claim against the manufacturer of the allegedly defective product. We reverse.
Eric Yoder was injured while using a Keller Industries ladder. The Yoders filed a product liability lawsuit against Keller. The Yoders' lawyer purchased a Keller ladder and contracted with Kudo Investments, Inc., to store it. Keller discovered the ladder was missing when it attempted to inspect it during discovery. On the basis of the missing ladder, Keller raised a spoliation defense and filed a counterclaim for spoliation against the Yoders. Keller also filed a third party claim for spoliation against Larry Kuvin and James Dolan, d/b/a Kudo Investments, Inc.
The Yoders brought an action against Kuvin and Dolan for spoliation and breach of bailment; they sought to consolidate this action with the product liability action. The motion was denied. Kuvin and Dolan moved for judgment on the pleadings on several grounds, including statute of limitations grounds. The trial court entered a final judgment against the Yoders, in favor of Dolan, on statute of limitation grounds.[1] The Yoders appeal.
*681 We reverse the order dismissing the Yoders' spoliation claim on statute of limitations grounds. "Generally, a statute of limitations begins to run from the time a cause of action accrues. A `cause of action accrues when the last element constituting the cause of action occurs.'" Robbat v. Gordon, 771 So.2d 631, 634 (Fla. 4th DCA 2000) (citations omitted). "Because of the nature of the claim, liability for spoliation does not arise until the underlying action is completed." Lincoln Ins. Co. v. Home Emergency Servs., Inc., 26 Fla. L. Weekly D229, ___ So.2d ___, 2001 WL 37808 (Fla. 3d DCA Jan.17, 2001). As this court stated in clarifying its decision in Miller v. Allstate Ins. Co., 573 So.2d 24 (Fla. 3d DCA 1990), review denied, 581 So.2d 1307 (Fla.1991), "Miller I must be read as holding that where a viable means exists to pursue the underlying products liability claim, that cause of action must be pursued prior to, or together with, the spoliation of evidence claim." Miller v. Allstate Ins. Co., 650 So.2d 671, 673-74 (Fla. 3d DCA), review denied, 659 So.2d 1087 (Fla.1995). Hence, the statute of limitations does not bar the Yoders' claim.
In addition, the court abused its discretion in denying the Yoders' motion to consolidate the spoliation case against Dolan with the product liability case against the manufacturer of the ladder. Consolidation of the cases did not deprive Dolan of a substantive right. See St. Mary's Hosp., Inc. v. Brinson, 685 So.2d 33 (Fla. 4th DCA 1996), review dismissed, 709 So.2d 105 (Fla.1998). In addition, consolidation serves to preserve judicial economy and to prevent piecemeal litigation: "a jury trying the concurrent claims in a single proceeding may be in the best position to determine issues of causation and damages." Miller, 573 So.2d at 28, n. 7. Moreover, it is more efficient to try the spoliation and product liability claims together, id. at 31, n. 13, because the jury will only proceed to the spoliation claim if the plaintiff's product case is significantly impaired. Continental Ins. Co. v. Herman, 576 So.2d 313 (Fla. 3d DCA 1990).
Accordingly, we reverse the summary judgment and the order denying the motion for consolidation. The cause is remanded for further proceedings.
Reversed and remanded.
NOTES
[1] No order appears to have been entered ruling on Kuvin's motion.