Brown Electro Mechanical Systems, Inc. ("Brown"), appeals from the trial court's order dismissing its cross-claim against Thompson Engineering, Inc. ("Thompson"), and Cincinnati Insurance Company ("Cincinnati"). We affirm.
 I. Facts and Procedural History
On May 27, 2000, Tony Sanspree was swimming near Dauphin Island. While he was in the water, he saw several ducks swim under a boat ramp. He got out of the water and stood on a metal portion of a seawall that surrounded the ramp's boathouse. A boat lift hung from the boathouse, and for unknown reasons, Sanspree came into contact with the cables and straps of the boat lift. When Sanspree touched the cable, he was electrocuted.
Patrick G. Carrigan owned the premises and the boat lift in question; he had homeowner's insurance through Cincinnati. Within six days of Sanspree's death, Cincinnati contracted with Thompson to inspect the boathouse and the electrical supply of the boat lift. Thompson tested the steel cables on the boat lift and discovered that the cables carried around 110 volts of electricity. After this test, Brown, which had installed the components of the boat lift's system, says that it warned Cincinnati and Thompson not to move any of the electrical components or conductors. Cincinnati and Thompson, however, did not heed this warning and conducted tests on the electrical junction box of the boat lift. Those tests produced an arc that burned and destroyed several of the wires in the junction box. The configuration and condition of the boat lift's electrical wiring were materially damaged, and as a result, the components are unavailable to ascertain the condition of the system at the time of Sanspree's death.
Sanspree's mother and custodial parent, Karen Ann Ward, sued Carrigan, alleging that he was negligent in maintaining the safety of his premises; Brown, alleging it had negligently installed the boat lift's electrical supply; and Cincinnati and Thompson, alleging that they had negligently destroyed material evidence. Ward later amended her complaint to add as a defendant William L. Patterson, a private consultant hired by Thompson to assist in its inspection of the boat lift. Brown then filed a cross-claim against Cincinnati and Thompson, alleging negligent spoliation of material evidence. Cincinnati filed cross-claims *Page 240 
against Thompson and Patterson, alleging negligence, breach of contract, and breach of workmanlike performance and seeking indemnification for any damages levied against it because of the spoliation claims.
Brown's cross-claim alleges that the tests performed by Cincinnati and Thompson destroyed evidence necessary to defend Ward's claim against Brown and to maintain any potential actions against the individual or individuals originally responsible for wiring the boat lift or against the manufacturers of the wiring components. Brown seeks to hold Cincinnati and Thompson liable for any damages that would result if Ward's claim against Brown is successful. The trial court dismissed Brown's cross-claim as premature, and made its order dismissing the cross-claim final pursuant to Rule 54(b), Ala.R.Civ.P. Brown appealed.
 II. Standard of Review
In Nance v. Matthews, 622 So.2d 297 (Ala. 1993), this Court stated the standard of review applicable to a motion to dismiss:
 "On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6) [Ala.R.Civ.P.] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."
622 So.2d at 299 (citations omitted).
Brown alleges that Cincinnati and Thompson negligently damaged and possibly destroyed evidence necessary for it to prepare its defense against Ward's negligent-installation claim. Brown avers that "if [it] is liable to [Ward] for negligence in the death of Sanspree, which is denied, then in that event Cincinnati and Thompson are liable to [Brown] for all damages owed to [Ward], including all attorney's fees, costs and expenses in defending the action and in prosecuting the cross-claim." We can view Brown's cross-claim either as a claim for damages against a codefendant or we can view it as a claim for indemnity. However, Brown does not argue indemnity concepts, thus foreclosing our consideration of the claim as one for indemnity.
 III. Prematurity of Brown's Cross-claim
The trial court dismissed Brown's cross-claim as premature. This rationale is sound, if the pleading is viewed as a claim for damages. Brown argues that its cross-claim should not be dismissed, pointing to the similarities between its spoliation-of-evidence claim and the claim asserted in Smith v. Atkinson, 98 F. Supp.2d 1334 (M.D.Ala. 2000) ("SmithI"). In Smith I, the United States district court denied a motion to dismiss a spoliation-of-evidence claim based on our response to a certified question in Smith v. Atkinson, 771 So.2d 429 (Ala. 2000) ("Smith II"). In Smith II, we noted that this Court had never recognized spoliation of evidence as a cause of action separate and independent of negligence, and we declined to do so in that case. Smith II, 771 So.2d at 432. We then held that general principles of Alabama tort law provided a remedy for an injured party whose recovery is defeated because a third party lost or destroyed material evidence. In Smith II we established a test to determine when a party could be liable for negligent spoliation of *Page 241 
evidence. 771 So.2d at 432. We analyzed concepts of duty, breach, and proximate cause. With respect to proximate cause, we held:
 "Therefore, we conclude that, in order for a plaintiff to show proximate cause, the trier of fact must determine that the lost or destroyed evidence was so important to the plaintiff's claim in the underlying action that without that evidence the claim did not survive or would not have survived a motion for summary judgment under Rule 56, Ala.R.Civ.P."
771 So.2d at 434 (emphasis added).
Applying this standard to an alleged tortfeasor defendant asserting a claim for damages against a spoliator of evidence other than the plaintiff, the Smith standard must be reformulated. In order for adefendant to show proximate cause, the trier of fact must determine that the lost or destroyed evidence was so important to the defense in the underlying action that without that evidence the defendant had no defense to liability. The alternative available to a plaintiff is a way to avoid futile litigation by showing that without the spoliated evidence a summary judgment would have been entered against him had the plaintiff filed an underlying action. Id. Where, as here, the plaintiff's claim remains pending against the defendant, that alternative has no field of operation.
No showing can be made in this action at this stage of the proceedings that the lost or destroyed evidence was so important to Brown's defense in the underlying action that without that evidence Brown had no defense to liability. Until Brown suffers a judgment at the hands of Ward and it can be established that without the lost evidence Brown had no defense to liability, a spoliation claim against a third party is premature.
Cincinnati and Thompson point to Missouri law as support for their contention that a spoliation cross-claim is premature when the underlying tort claim remains pending. In Baugher v. Gates Rubber Co., 863 S.W.2d 905
(Mo.Ct.App. 1993), the Missouri Court of Appeals dismissed one defendant's negligent-spoliation cross-claim against another defendant because "[r]esolution of the underlying claim would be necessary to demonstrate actual harm and prevent speculative recovery." Baugher, 863 S.W.2d at 914.
Our application of Smith II to a cross-claim by a tortfeasor, so as to require proof that the lost or destroyed evidence was so important to the defense in the underlying action that without that evidence the defendant had no defense to liability is analogous to the Missouri court's rationale in rejecting the cross-claim between codefendants for spoliation on the ground that it was premature.
Brown relies upon Yoder v. Kuvin, 785 So.2d 679 (Fla.Dist.Ct.App. 2001), for the proposition that spoliation claims should be brought simultaneously with the underlying tort action. In Yoder, the plaintiffs brought a products-liability claim against the manufacturer of a ladder. The plaintiffs placed the ladder in the possession of a third-party bailee, who subsequently lost the ladder. The plaintiffs sought to consolidate a spoliation claim and a breach-of-bailment claim against the third-party bailee in the underlying products-liability action. The trial court dismissed the plaintiffs' spoliation claim because it held that the claim was barred by the statute of limitations. Id. at 680.
The Florida District Court of Appeals held that the statute of limitations had not run because the injury would not occur until the underlying action had been decided. The court then quoted Miller v.Allstate Insurance Co., 650 So.2d 671, 673-74 *Page 242 
(Fla.Dist.Ct.App. 1995), stating that "`where a viable means exists to pursue the underlying products liability claim, that cause of action must be pursued prior to, or together with, the spoliation of evidence claim.'" Yoder, 785 So.2d at 681. The Florida court also pointed to "judicial economy" as a reason for allowing the plaintiffs' claims to be brought simultaneously with the underlying tort claim. Id.
The ladder manufacturer in Yoder filed a cross-claim against the alleged spoliator. The Yoder opinion does not address the viability of the cross-claim, does not state whether the cross-claim sounded in indemnity or damages, and does not address the consolidation of that claim with the plaintiffs' claims. Even if we found Florida law persuasive, the holdings in Yoder as to limitations periods and the propriety under Florida law of consolidating a plaintiff's underlying products-liability claim with a damages claim for negligent spoliation do not support Brown's contention that it has stated a viable cross-claim.
 IV. Conclusion
The trial court properly dismissed Brown's cross-claim against Cincinnati and Thompson. The trial court's order is affirmed.
AFFIRMED.
Moore, C.J., and Houston, Johnstone, and Woodall, JJ., concur.